IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEYSHERA KIRK, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:25-CV-0066-D |
| § | |
| OUR COMMUNITY OUR KIDS § | |
| and ACH CHILD AND FAMILY § | |
| SERVICES, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which plaintiff Keyshera Kirk ("Kirk") brings claims against defendants Our Community Our Kids ("OCOK") and ACH Child and Family Services ("ACH"), alleging that they are liable for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 *et seq*.  ACH moves to dismiss Kirk's amended complaint ("complaint") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  For the reasons that follow, the court grants ACH's motion to dismiss, and also grants Kirk leave to replead.

I

In February 2020 Kirk began working at OCOK as a Permanency Specialist.[1]  In May 2023 she was terminated.  Kirk complains of race discrimination, disability discrimination, and retaliation.  According to her complaint, both OCOK and ACH are liable under Title VII, § 1981, the ADA, and the FMLA.  Kirk's complaint refers to OCOK and ACH collectively as "Defendants," and she attributes the actions underlying her claims to both entities.  ACH responds that Kirk has not alleged an employment relationship with ACH, and it moves to dismiss Kirk's claims under Rule 12(b)(6).  Kirk opposes ACH's motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

---

[1] In deciding ACH's Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to Kirk, as the nonmovant, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Kirk's favor. *See, e.g., In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

ACH contends that Kirk has not plausibly alleged that ACH employed her.

A

The Fifth Circuit applies two tests to determine whether an employment relationship exists: (1) the hybrid economic realities/common law control test, *see Perry v. VHS S.A. Partners, L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021) (Title VII), and (2) the single, integrated enterprise test, *see Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983) (Title VII); *Yarbrough v. SlashSupport, Inc.*, 152 F.4th 658, 669 (5th Cir. 2025) (§ 1981 claim); *Kirshner v. First Data Corp.*, 2000 WL 1772759, at *3 (N.D. Tex. Nov. 30, 2000) (Lindsay, J.) (ADA); *Lindsley v. TRT Holdings, Inc.*, 2018 WL 3368930, at *2 (N.D. Tex. July 10, 2018) (Boyle, J.) (FMLA). Where, as here, the parties do not dispute that one defendant

(OCOK) was the plaintiff's employer, the single, integrated enterprise test is the appropriate test for determining whether the other defendant (ACH) can be held liable. *See Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997).[2]

In assessing whether superficially distinct entities are a single, integrated enterprise, courts examine: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404. The second factor is the most important. *See id.*

B

The court concludes that the allegations in Kirk's complaint are insufficient to plausibly plead that OCOK and ACH are a single, integrated enterprise. As a preliminary matter, in deciding ACH's motion to dismiss, the court cannot consider the new factual allegations that Kirk has raised in her response to the motion to dismiss. *See, e.g.*, *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."). Looking to her complaint, Kirk merely alleges that ACH "is a corporation doing business in the State of Texas." Am. Compl. (ECF No. 25) ¶ 3. She does not allege any facts that, taken as true, would enable the court to reasonably infer an interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control between OCOK and ACH. *See Coleman v. Sentinel*

---

[2]In her response brief, Kirk acknowledges that the single, integrated enterprise test applies.

*Transp., LLC*, 2009 WL 3834438, at *6 (S.D. Tex. Nov. 16, 2009) (Rosenthal, J.) (granting motion to dismiss where plaintiff did not provide "allegations concerning any of the four substantive law elements for showing the existence of a single, integrated entity"). Moreover, Kirk's allegations regarding alleged discrimination and retaliation fail to distinguish between OCOK and ACH. Because she refers collectively to OCOK and ACH as "Defendants," the court cannot apply the factors that are relevant to determining whether Kirk has plausibly pleaded that OCOK and ACH are a single integrated enterprise. *See id.* at *5-6 (complaint that failed to make specific allegations regarding parent-company defendants did not plausibly plead that such defendants were part of a single, integrated enterprise); *Tilford v. Tegna Inc.*, 2025 WL 3522710, at *2 (N.D. Tex. Dec. 9, 2025) (Fitzwater, J.) (concluding the same). Accordingly, the court dismisses Kirk's claims against ACH.

IV

Although the court is dismissing Kirk's claims and has already afforded Kirk an opportunity to replead, it will grant her leave to amend. *See, e.g.*, *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal); *Reneker v. Offill*, 2010 WL 1541350, at *2, 7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on

which relief could be granted).  There is no indication that Kirk cannot, or is unwilling to, cure the defects that the court has identified.  Accordingly, the court grants her 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

* * *

For the reasons explained, the court grants ACH's motion to dismiss, and also grants Kirk leave to replead.

**SO ORDERED**.

December 17, 2025.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE